UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   12-cv-07989-JGK
OMAYRA GOMEZ, Individually and as parent and
legal guardian of her infant daughter, and JAZMIN
SANTIAGO, Individually and as parents and legal             **COMPLAINT**
guardian of her infant son,
                                                            **JURY TRIAL DEMANDED**

                            Plaintiffs,
        -against-

NEW YORK CITY, POLICE OFFICER DYM,
POLICE OFFICER SHANNON and UNIDENTIFIED
POLICE OFFICERS sued herein in their capacity as
individuals.

                            Defendant(s).

------------------------------------------------------------X

Plaintiffs, by their attorney, FRED LICHTMACHER, of the Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 (a) (3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5. At all times hereinafter mentioned, plaintiffs, OMAYRA GOMEZ and her infant daughter, were and still are residents of the County of New York in the City and State of New York; and are both Hispanic females.

6. At all times hereinafter mentioned, plaintiffs, JAZMIN SANTIAGO and her infant son, were and still are residents of the County of New York in the City and State of

New York.

7 Upon information and belief, at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8 This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

9 Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors, acting under the color of law.

## STATEMENT OF FACTS

### PLAINTIFF SANTIAGO'S INFANT SON

10. On June 2, 2012 at approximately 10 p.m., plaintiff Santiago's infant son was in front of 132 Avenue D, New York, NY.

11 Police officers were summoned to the above location for an incident unrelated to the plaintiffs.

12 Santiago's infant son was in the vicinity of the incident and was intentionally and without justification struck with a baton by an unidentified defendant female officer, who hit him on the wrist as he was attempting to cover himself.

13 Subsequently, Santiago's infant son was punched by PO DYM in the side of the head.

14 Santiago's infant son was then punched approximately 3-4 more times by Unidentified Defendant Officers.

15 Santiago's infant son was then placed in handcuffs and he was taken to

PSA4 where he remained for several hours.

16    Santiago's infant son was later released from PSA4 without any charges being brought against him.

17    Since the incident, Defendant Unidentified Police Officers continue to harass Santiago's infant, such harassment includes illegally searching him and approaching and attempting to intimidate the young boy.

### PLAINTIFF SANTIAGO

18    Plaintiff Santiago, upon being informed her aforementioned infant son was under arrest, went to inquire about him at PSA4.

19    With no provocation and without a need to use any force, a Defendant Unidentified Police Officer maced Santiago while inside of PSA4 while awaiting information on her infant son.

20    Santiago, and several other people from the neighborhood were maced within the station house for no legitimate law enforcement reason.

21    As the group, including Santiago, exited the station house, the defendants chased them and maced the group some more.

22    Santiago has been harassed by the defendants since the incident who confront her and attempt to intimidate her repeatedly.

### PLAINTIFF GOMEZ' INFANT DAUGHTER

23    Plaintiff Gomez and plaintiff Gomez' infant daughter upon hearing about the arrest of Santiago's infant son, went to see their relative at PSA4.

24    While there, Gomez' infant (and Gomez) were maced, causing burning in the infant's eyes and mouth.

25    Gomez' infant daughter was grabbed and thrown onto a gate, causing

bruising on her cheek.

26	Gomez' infant daughter was then placed in handcuffs.

27	Gomez' infant daughter was placed in a cell with general population for several minutes before being taken to a juvenile holding cell.

28	Gomez' infant daughter was later released from PSA4 without any charges being brought against her.

### **PLAINTIFF GOMEZ**

29	Plaintiff Gomez was maced in PSA 4, while holding an infant child, causing burning in her mouth and eyes.

30	Gomez suffered painful burning, and had to be treated by EMS workers from Beth Israel to flush out her eyes.

31	Gomez suffered emotional distress due to the incident and she experienced a panic attack.

**AS AND FOR A FIRST, SEPARATE & DISTINCT
CAUSE OF ACTION
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 and THE FOURTH AMENDMENT
FALSE ARREST**

32.	Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33.	The rights of plaintiffs Gomez and Santiago's infant children have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by reason of the fact that the infant children were falsely arrested by the defendants.

34. Gomez and Santiago's infant children were confined by defendants; defendants intended to confine them, they were conscious of their confinement; and plaintiffs' infants did not consent to the confinement which was not otherwise privileged.

35. As a direct consequence of defendants' actions, plaintiffs Gomez and Santiago's infants were deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

36. Among other invasions of their privacy, offenses to their dignity and violations of their rights, plaintiffs' infants were subjected to being handcuffed, confined and separated from their families.

37. The false arrests were caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that plaintiffs' infants were in fact guilty of crimes.

38. Defendants who knew of the false arrests and permitted the illegal detentions of plaintiffs' infants to commence and/or continue, are liable to plaintiffs, by virtue of their failure to act pursuant to their affirmative duty to intervene.

39. By reason of the foregoing, plaintiffs' infants were subjected to great indignities, humiliation and anxiety, they were separated from their families, they were defamed in their communities and they were otherwise harmed.

40. By reason of the aforesaid, plaintiffs' infants are entitled to compensatory and punitive damages in an amount to be determined at trial and plaintiffs are entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

41      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42      Plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that both plaintiffs Gomez and Santiago were unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously maced them, causing Gomez to suffer severe burning sensation in her eyes and mouth and Santiago burning sensation.

43      Plaintiff Santiago's infant son was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted him, causing bruising on his wrist and injury to his head.

44      Plaintiff Gomez' infant daughter was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted her by throwing her onto a gate causing bruising to her cheek.

45      The excessive force which the plaintiffs were subjected to, was effected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive and unreasonable force they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

46      The defendants who witnessed the use of excessive force and failed to exercise their affirmative duty to intervene, when they had a reasonable opportunity to do so, are liable to the plaintiff along with those officers who directly participated in the use of excessive and unreasonable force.

47      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States

Constitution, being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

48   By reason of the unlawful use of excessive and unreasonable force, plaintiffs Gomez and Santiago were harmed physically, suffering burning in the eyes and mouth, anxiety, and was otherwise harmed.

49   By reason of the unlawful use of excessive and unreasonable force, plaintiff Santiago's infant son was harmed physically, suffering bruising on his wrist, injury to his head, anxiety, and was otherwise harmed.

50   By reason of the unlawful use of excessive and unreasonable force, plaintiff Gomez' infant daughter was harmed physically, suffering a burning sensation in her eyes and mouth and bruising to her cheek.

51   By reason of the unlawful use of excessive and unreasonable force, the plaintiffs suffered humiliation, physical pain and injury, they were defamed in their community and they were otherwise harmed.

52   By reason of the aforesaid, the plaintiffs and their infants are entitled to compensatory and punitive damages in an amount to be determined at trial and plaintiffs are entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

**AS AND FOR A THIRD, SEPARATE & DISTINCT
CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
VIA DEFENDANT NEW YORK CITY
AS TO ALL PLAINTIFFS
i.e., MONELL CLAIM**

53   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

54   Defendant NYC violated the plaintiffs' rights pursuant to the Fourth Amendment of the United States Constitution as made applicable to the states by virtue of the

Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

55   Defendant NYC, as a matter of policy and practice, acted with a callous, reckless and deliberate indifference to plaintiffs' rights pursuant to the Constitution and laws of the United States, as a consequence of the fact that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

56   NYC intentionally maintains a Civilian Complaint Review Board which refuses to conduct objective investigations of NYPD officers when allegations are brought by civilians against members of the NYPD; and the officers of the NYPD consequently were not deterred from committing unconstitutional acts such as the acts committed by defendants in the instant matter.

57   NYC intentionally maintains an Internal Affairs Bureau of the NYPD which refuses to conduct objective investigations of NYPD officers when allegations are brought by civilians against members of the NYPD; and the officers of the NYPD consequently were not deterred from committing unconstitutional acts such as the acts committed by defendants in the instant matter.

58   NYC has caused, encouraged, condoned and has been deliberately indifferent to unconstitutional acts performed by members of the NYPD and the defendants in the instant matter and has thereby caused the violations of plaintiffs' rights.

59   NYC is on notice and refuses to address the twin issues of excessive force being routinely employed against members of NYC's minority communities and of false arrests made of members of NYC's minority communities, with directly resulted in plaintiff's harms.

60   NYC knew of the patterns of misconduct by defendants articulated above and did nothing, thereby acquiescing in, or tacitly authorizing, the defendants' actions.

61      By reason of the foregoing, Plaintiffs sustained conscious pain and suffering; they were harmed physically and emotionally; they were subjected to great indignities, humiliation, embarrassment, anxiety; they were subjected to various ongoing physical and emotional harms; and they were otherwise harmed.

62      Plaintiffs are each entitled to an award of compensatory damages and are entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants, as follows:

1.      In an award of compensatory damages on all plaintiffs' causes of action and of punitive damages on plaintiff's First and Second causes of action as well as reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiffs' causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       October 26, 2012

                                                    / s /
                                            FRED LICHTMACHER (FL-5341)
                                            The Law Office of Fred Lichtmacher, PC
                                            Attorneys for Plaintiffs
                                            The Empire State Building
                                            350 5th Avenue, Suite 7116
                                            New York, New York 10118
                                            (212) 922-9066


To:     MICHAEL CARDOZO
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007