UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OMAYRA GOMEZ, Individually and as parent and legal guardian of her infant daughter, JAZMIN SANTIAGO, Individually and as parent and legal guardian of her infant son, EDWIN CASIANO, and HECTOR PEREZ,

                             Plaintiffs,

    -against-

NEW YORK CITY, POLICE OFFICER DYM, POLICE OFFICER SHANNON, POLICE OFFICER PERALTA and UNIDENTIFIED POLICE OFFICERS sued herein in their capacity as individuals.

                             Defendant(s).
------------------------------------------------------------X

12 cv 7989 Koeltl, Judge

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**



RECEIVED NOV 29 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, by their attorney, FRED LICHTMACHER, of the Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully allege as follows:

**JURISDICTION**

1.    Jurisdiction is founded upon the existence of a Federal Question.

2.    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3.    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 (a) (3 & 4).

4.    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

**PARTIES**

5.    At all times hereinafter mentioned, plaintiffs, OMAYRA GOMEZ and her infant daughter, were and still are residents of the County of New York in the City and State of New York; and are both Hispanic females.

6.    At all times hereinafter mentioned, plaintiffs, JAZMIN SANTIAGO and her infant son, were and still are residents of the County of New York in the City and State of

New York.

7   At all times hereinafter mentioned, plaintiff, EDWIN CASIANO, was and still is a resident of the County of New York in the City and State of New York.

8   At all times hereinafter mentioned, plaintiff, HECTOR PEREZ, was and still is a resident of the County of New York in the City and State of New York.

9   Upon information and belief, at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10   This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

11   Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

### Plaintiff Santiago's Infant Son

12.   On June 2, 2012 at approximately 10 p.m., plaintiff Santiago's infant son was in front of 132 Avenue D, New York, NY.

13   Police officers were summoned to the above location for an unrelated incident.

14   Plaintiff Santiago's infant son was in the vicinity and was stuck with a baton by an unidentified defendant, a female officer, who hit him on the wrist as he attempted to cover himself, causing bruising and pain.

15   Subsequently, plaintiff Santiago's infant son was punched by PO DYM in the side of his head, near his ear.

16    Plaintiff Santiago's infant son was then punched approximately 3-4 more times by the defendants.

17    Plaintiff Santiago's infant son was then placed in handcuffs and he was taken to PSA4 where he remained incarcerated for several hours.

18    Plaintiff Santiago's infant son was later released from PSA 4 without any charges being brought against him.

19    Since the incident, defendant police officers continue to harass plaintiff Santiago's infant son, such harassment includes an illegal search and approaching and attempting to intimidate the 14 year old boy.

**Plaintiff Perez**

20    Plaintiff Perez witnessed his son being stuck with a baton by a female officer who was ordering him to move.

21    Perez went to pull his son away, and as he did so, he was struck in the head with a blunt object by one of the defendants.

22    The impact knocked Perez to the ground, where approximately four defendants continued to hit Perez.

23    The defendants beat Perez on the head, arms and body by punching and kicking him, while also using their batons on him.

24    Perez' head was injured, his tooth was chipped and he suffered bruising and pain on his face, shoulders and arms.

25    Perez was handcuffed and then taken to PSA4 where he was incarcerated.

26    After being arraigned a day later, Perez went to his mother's house with whom he stayed a few days after the date of the injury, so she could take care of him.

**Plaintiff Santiago**

27    Plaintiff Santiago, upon being informed her infant son was under arrest,

went to inquire about him at PSA4.

28   With no provocation and without a need to use any force, a defendant officer maced Santiago while inside PSA4 while she awaited information about her infant son.

29   Others from the neighborhood were maced as well within the station house with no apparent provocation or justification.

30   As the group, including Santiago, exited the station house, the defendant officers chased them and maced the group some more without arresting most of them.

31   Santiago has been harassed by the defendants since the incident who have confronted her and attempted to intimidate her.

**Plaintiff Gomez' Infant Daughter**

32   Plaintiff Gomez and plaintiff Gomez' infant daughter upon hearing about the arrest of Santiago's infant son, went to see their cousin at PSA4.

33   While there, Gomez' infant (and Gomez) were maced, causing burning in the infant's eyes and mouth.

34   Gomez' infant daughter was grabbed and thrown into a gate, causing bruising on her cheek.

35   Gomez' infant daughter, who was 15 years old at the time of the incident, was then placed in handcuffs.

36   Gomez' infant daughter was placed in a cell, with general population before being taken to a juvenile holding cell.

37   Gomez' infant daughter was later released from PSA4 without any charges being brought against her.

**Plaintiff Gomez**

38   Plaintiff Gomez was maced in PSA 4, while holding an infant child, causing burning in her mouth and eyes.

39   Gomez suffered painful burning, and had to be treated by EMS workers

from Beth Israel who flushed out her eyes.

40   Gomez suffered emotional distress due to the incident and she had a panic attack.

**Plaintiff Casiano**

41   Plaintiff Casiano went to PSA 4 to find information on Santiagos' infant son.

42   While there, Casiano was slammed onto the floor by approximately 4 Officers, including Defendants Dym and Peralta with no legal necessity or justification for doing so.

43   Defendants proceeded to jam their knees into Casiano's back and ribs.

44   The defendants then handcuffed Casiano and brought him to a holding cell.

### AS AND FOR A FIRST, SEPARATE & DISTINCT CAUSE OF ACTION VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. § 1983 and THE FOURTH AMENDMENT FALSE ARREST

45.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

46.   The rights of plaintiffs Gomez and Santiago's infant children and plaintiffs Casiano and Perez have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, as the plaintiffs and the infant children were falsely arrested by the defendants.

47.   The aforementioned plaintiffs and their infants were confined by defendants; defendants intended to confine them; they were conscious of their confinement; and

plaintiffs' infants did not consent to the confinements which were not otherwise privileged.

48. As a direct consequence of defendants' actions, the aforementioned were deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

49. Among other invasions of their privacy, offenses to their dignity and violations of their rights, the aforementioned were subjected to being handcuffed, confined and being separated from their families.

50. The false arrests were caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that the aforementioned were in fact guilty of crimes.

51. Defendants who knew of the false arrests and permitted the illegal detentions of plaintiffs and of plaintiffs' infants to commence and/or continue, are liable to the aforementioned, by virtue of their failure to act pursuant to their affirmative duty to intervene.

52. By reason of the foregoing, the aforementioned were harmed in that they were subjected to great indignities, humiliation and anxiety, they were confined, handcuffed, they were separated from their families, they were defamed in their communities and that they were otherwise harmed.

53. By reason of the aforesaid, the aforementioned are entitled to compensatory and punitive damages in amounts to be determined at trial and plaintiffs are entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

54 Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length

set forth herein.

55   Plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs and their infants were unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously used unreasonable, unnecessary and excessive force against them.

56   Plaintiff Santiago's infant son was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted him, causing bruising on his wrist and injury to his head.

57   Plaintiff Gomez' infant daughter was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted her by throwing her onto a gate causing bruising to her cheek.

58   Plaintiff Casiano was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted him by slamming him onto the floor and jamming their knees into his back, causing him severe pain.

59   Plaintiff Perez was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted him by striking him in the head with a blunt object, then proceeding to hit him while he was on the ground, causing injury to his head, a chipped tooth, bruising and severe pain.

60   Plaintiff Santiago was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted her by macing her causing her severe pain.

61   Plaintiff Gomez was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted her by macing her causing her severe pain and the need to seek medical treatment.

62   The excessive force which the plaintiffs were subjected to, was effected

by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive and unreasonable force they employed and the force employed was used without legal justification, without plaintiffs' consent, with malice and with an intent to inflict pain and suffering which they succeeded in doing.

63   The defendants who witnessed the use of excessive and unreasonable force and failed to act pursuant to their affirmative duty to intervene, when they had a reasonable opportunity to do so, are liable to the effected plaintiffs along with those officers who directly participated in the use of excessive and unreasonable force.

64   As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

65   By reason of the unlawful use of excessive and unreasonable force, plaintiffs were harmed physically, they suffered from loss of bodily function, anxiety, emotional distress, they were defamed in their community and they were otherwise harmed.

66   By reason of the aforesaid, the plaintiffs and their infants are entitled to compensatory and punitive damages in an amount to be determined at trial and plaintiffs are entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

### AS AND FOR A THIRD, SEPARATE & DISTINCT CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 and THE FOURTH AMENDMENT VIA DEFENDANT NEW YORK CITY AS TO ALL PLAINTIFFS
### i.e., MONELL CLAIM

67   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

68   Defendant NYC violated the rights of all plaintiffs pursuant to the Fourth

Amendment of the United States Constitution as made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

69   Defendant NYC, as a matter of policy and practice, acted with a callous, reckless and deliberate indifference to plaintiffs' rights pursuant to the constitution and laws of the United States, as a consequence of the fact that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

70   NYC intentionally maintains a Civilian Complaint Review Board which refuses to conduct investigations of its officers when allegations are brought by civilians against the NYPD; and the officers of the NYPD consequently were not deterred from committing unconstitutional acts such as the acts committed by defendants in the instant matter.

71   NYC has caused, encouraged, condoned and has been deliberately indifferent to unconstitutional acts performed by members of the NYPD and the defendants in the instant matter and has thereby caused the violations of plaintiffs' rights.

72   NYC knew of the patterns of misconduct by defendants articulated above and did nothing, thereby acquiescing in, or tacitly authorizing, the defendants' actions.

73   By reason of the foregoing, plaintiffs and plaintiffs' infants sustained conscious pain and suffering; they were harmed physically and emotionally; they suffered loss of bodily function, they were subjected to great indignities, humiliation, embarrassment, anxiety; they were subjected to various ongoing physical and emotional harms; they were separated from their families, handcuffed and falsely arrested and in some cases prosecuted and they were otherwise harmed.

74   Plaintiffs are each entitled to an award of compensatory damages and they are entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants, as follows:

1.      In an award of compensatory and punitive damages to be determined at trial on Plaintiff's First and Second causes of action and in an award of compensatory damages on plaintiffs' Third cause of action as well as reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiffs' causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       November 28, 2012

                                        FRED B. LICHTMACHER, ESQ.
                                        Attorney for Plaintiffs
                                        The Law Office of Fred Lichtmacher, PC
                                        The Empire State Building
                                        350 5th Avenue, Suite 7116
                                        New York, New York 10118
                                        (212) 922-9066


To:     MICHAEL CARDOZO
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007